KAEMPFER CROWELL
Robert McCoy, No. 9121
Raleigh C. Thompson, No. 11296
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: rmccoy@kcnvlaw.com
Email: rthompson@kcnvlaw.com

Attorneys for Plaintiff Fredrick Waid

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FREDRICK WAID, individually,<br><br>Plaintiff,<br><br>vs.<br><br>YORK HOLDING, LTD., a Cayman Islands limited company; and YORK UNITED, INC., a Delaware corporation,<br><br>Defendants. | Case No. 2:24-cv-01850-APG-NJK<br><br>**STIPULATION TO TEMPORARILY STAY CASE** |

Plaintiff Fredrick Waid and Defendants York Holding, LTD. and York United, Inc. (the "York Parties") stipulate to stay all proceedings in this case, including the deadline for submitting a discovery plan (ECF No. 16), for 90 days for the following reasons:

1. On December 31, 2024, the Honorable Joe Hardy of the Eighth Judicial Court for Clark County, Nevada entered an order appointing John Heller as Receiver for the York Parties. A copy of that order is attached at Exhibit 1.

2. The Receiver has requested this case be temporarily stayed while he assumes operations of the York Parties and determines how to best handle and/or resolve pending litigation, including this case.

3. Plaintiff Mr. Waid is agreeable to a temporary stay in the interest of saving both judicial and party resources.

4. Mr. Waid and the York Parties will submit a joint status report concerning how they intend to proceed with this action within 90 days.

| KAEMPFER CROWELL | WILEY PETERSEN LAW |
|---|---|
| *[signature]* | /s/ Kevin A. Adams |
| Robert McCoy, No. 9121<br>Raleigh C. Thompson, No. 11296<br>1980 Festival Plaza Drive, Suite 650<br>Las Vegas, Nevada 89135 | Jonathan D. Blum, No. 9515<br>10000 West Charleston Blvd, Suite 230<br>Las Vegas, Nevada 89135 |
| Attorneys for Plaintiff Fredrick Waid | Kevin A. Adams (pro hac vice)<br>MORTENSON TAGGART ADAMS<br>300 Spectrum Center Drive, Suite 1200<br>Irvine, California 92618 |
| | Attorneys for Defendants York Holding, Ltd and York United, Inc. |

**ORDER**

IT IS SO ORDERED.

*[signature]*

UNITED STATES DISTRICT JUDGE

DATED: January 22, 2025

# EXHIBIT 1

# EXHIBIT 1

Electronically Filed
12/31/2024 10:07 AM

CLERK OF THE COURT

KIRK NEVADA WALKER, ESQ.
Nevada Bar No. 11315
NEVADA WALKER, PLLC
400 South 4th Street, Suite 500
Las Vegas, NV 89101
Telephone: (702) 793-4125
E-Mail: kirk@nevadawalker.com
Attorneys for Plaintiff/Counter defendant
WILLIAM A. BATCHELOR, JR.

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| WILLIAM A. BATCHELOR, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>YORK HOLDING, LTD; YORK UNITED, INC.; BEIJING CRESCENT INVESTMENT LIMITED; CHANGJING LIU; CHANGQING LIU; FREDRICK WAID; GREENLAKE REAL ESTATE FUND LLC; RAYFORD INTERNATIONAL INC.; XU LIU; YANZHI WANG; DOE INDIVIDUALS I-X; and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants.<br><br>RAYFORD INTERNATIONAL INC.,<br><br>Counterclaimant,<br><br>vs.<br><br>WILLIAM A. BATCHELOR, JR.,<br><br>Counter defendant. | CASE NO:   A-23-880636-B<br>DEPT. NO:   XV<br><br>~~[PROPOSED]~~<br>**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION TO APPOINT TEMPORARY RECEIVER OR IN THE ALTERNATIVE TO ENTER A PRESERVATION ORDER**<br><br>Hearing Date:   December 19, 2024<br>Hearing Time:   9:00 a.m. |

These matters concerning:

1. Plaintiff/Counter defendant WILLIAM A. BATCHELOR, JR. ("Plaintiff") filed his Emergency Motion to Appoint Temporary Receiver or in the Alternative to Enter a Preservation Order ("Motion") in this matter on December 17, 2024, by and through counsel of record.

2. The hearing on the Motion was set by the Court for December 19, 2024 at 9:00 a.m. by the Court prior to the filing of the Motion as a result of Plaintiff's representations at the December 17,

2024 8:30 a.m. Pre-Trial Conference with the Court. Oppositions to Plaintiff's Motion were to be filed on or before December 18, 2024.

3. York United, Inc. ("York United") and York Holding Ltd. ("York Holding")(collectively York United and York Holding are referred to as the "York Entities"), through their counsel of record, filed Defendants York Holding Ltd. and York United Inc.'s Opposition to Plaintiff's Emergency Motion to Appoint Temporary Receiver or in the Alternative to Enter a Preservation Order and corresponding Declaration of Guyan Liu in support of the same, on December 18, 2024.

4. Defendant Rayford International, Inc. ("Rayford") filed its Response to Plaintiff's Emergency Motion to Appoint Temporary Receiver or in the Alternative to Enter a Preservation Order and corresponding Declaration of Beiyi Wu in support of the same on December 18, 2024.

5. Defendant Fredrick Waid ("Waid") filed his Response to Plaintiff's Emergency Motion to Appoint Receiver or in the Alternative to Enter a Preservation Order on December 18, 2024.

6. In attendance at the hearing was: Kirk Walker, Esq. for Plaintiff; Kevin Adams, Esq. and Jonathan Blum, Esq. for the York Entities; Leigh T. Goddard, Esq. and Daniel Aquino, Esq. for Greenlake Real Estate Fund LLC ("Greenlake"); Michael D. Fielding, Esq. and Matthew L. Johnson, Esq. for Rayford; Robert R. McCoy, Esq. for Waid; and Erica Wolff, Esq. for Changqing Liu.

7. The Honorable Court, having reviewed the papers and pleadings on file herein, having entertained hearing oral arguments, and upon good cause showing, grants Plaintiff's Motion effective December 19, 2024. As part of its ruling, the Court makes the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

8. THE COURT HEREBY FINDS that Plaintiff's request for the appointment of a receiver is unopposed by any of the Defendants after being given an opportunity to be heard and Plaintiff previously making a *prima facie* case for the same.

9. THE COURT HEREBY FURTHER FINDS John Heller is qualified to act as receiver in this matter as the Court has reviewed his credentials.

10. THE COURT HEREBY FURTHER FINDS that pursuant to the Declaration of Beiyi

Wu in Support of Response of Rayford International, Inc. filed December 18, 2024 ("Wu Declaration"), on November 26, 2024, Rayford provided payoff correspondence to International Schools Partnership Limited for a December 3, 2024 closing date to sell: (1) the Henderson International school and related real estate; (2) the Lake Mary school and related real estate (but not the dormitory that is owned by Lake Mary Land, LLC); and (3) the Rancho Solano school (but not the interest in the Rancho Solano real estate). Wu Declaration, ¶ 66; Exhibit 7, p.1.

11. THE COURT HEREBY FURTHER FINDS that pursuant to the Wu Declaration, on December 3, 2024, Rayford provided payoff correspondence to International Schools Partnership Limited also for a December 4, 2024 closing date to sell: (1) the Henderson International school and related real estate; (2) the Lake Mary school and related real estate (but not the dormitory that is owned by Lake Mary Land, LLC); and (3) the Rancho Solano school (but not the interest in the Rancho Solano real estate). Wu Declaration, ¶67; Exhibit 8, p.1.

12. THE COURT HEREBY FURTHER FINDS that pursuant to the Wu Declaration, on December 6, 2024, Rayford provided payoff correspondence to International Schools Partnership Limited for a December 9, 2024 closing date to sell: (1) the Henderson International school and related real estate; (2) the Lake Mary school and related real estate (but not the dormitory that is owned by Lake Mary Land, LLC); and (3) the Rancho Solano school (but not the interest in the Rancho Solano real estate). Wu Declaration, ¶70; Exhibit 10, p.1.

13. THE COURT HEREBY FURTHER FINDS that the closing occurred on December 9, 2024 for the sale of: (1) the Henderson International school and related real estate; (2) the Lake Mary school and related real estate (but not the dormitory that is owned by Lake Mary Land, LLC); and (3) the Rancho Solano school (but not the interest in the Rancho Solano real estate). Wu Declaration, ¶72.

14. THE COURT HEREBY FURTHER FINDS that Rayford received $28,000,000.00 from the December 9, 2024 sale. Wu Declaration, ¶74.

15. THE COURT HEREBY FURTHER FINDS that the monies received by Rayford were wired to Rayford's wholly-owned subsidiary, Rayford International Inc (HK) Limited, bank account ending in 8101, in China CITIC Bank International Limited in Hong Kong ("Rayford

Account").

16. THE COURT HEREBY FURTHER FINDS that on December 10, 2024, Rayford authorized the payment from the Rayford Account in the amount of $343,366.73 to the law firm of Husch Blackwell LLP for the payment of various outstanding legal bills. Wu Declaration, ¶76. However, the funds were not transferred at that time. *Id.*

17. THE COURT HEREBY FURTHER FINDS that on December 12, 2024, the transfer to Husch Blackwell LLP was re-authorized by Rayford, in addition to the following transfers: (1) $5,868,000.00 to Chen Business Consulting Ltd.; (2) $17,000,000.00 to Felix (HK) Limited; (3) $665,000.00 to Yulun Study Abroad Limited; and (4) $2,000,000.00 to Pop Investment Company Limited, which transfers were made on December 16, 2024. Wu Declaration, ¶77.

18. THE COURT HEREBY FURTHER FINDS that approximately $2,100,000.00 remains in the Rayford Account. Wu Declaration, ¶78.

19. THE COURT HEREBY FURTHER FINDS that all parties and their counsel knew of the evidentiary hearing scheduled for January 6, 2025 in this litigation prior to the December 9, 2024 sale and the Court acknowledges that there was no temporary restraining order in place.

## CONCLUSIONS OF LAW

20. THE COURT HEREBY CONCLUDES that NRS 32.010(1): Authorizes injunctive relief when the "property or fund is in danger of being lost, removed or materially injured."

21. THE COURT FURTHER HEREBY CONCLUDES that NRS 32.260(1)(a) allows the Court to appoint a receiver: (a) Before judgment, to protect a party that demonstrates an apparent right, title or interest in real property that is the subject of the action, if the property of the York Entities or their revenue-producing potential: (1) Is being subjected to or is in danger of waste, loss, dissipation or impairment; or (2) Has been or is about to be the subject of a voidable transaction.

22. THE COURT FURTHER HEREBY CONCLUDES that the parties have all had an opportunity to oppose the appointment of a receiver and have not opposed the same. Plaintiff has shown sufficient evidence demonstrating that the revenue-producing property of the York Entities is subject to or in danger of waste, loss, dissipation or impairment, such that there is good cause to appoint a receiver over York United and York Holding.

4

23. THE COURT FURTHER HEREBY CONCLUDES that injunctive relief is warranted to preserve the assets of the York Entities and that: (1) Plaintiff has shown a strong probability of success on the merits; (2) that irreparable injury would occur if some protection is not granted to Plaintiff; and (3) that equitable considerations favor the granting of injunctive relief.

24. THE COURT FURTHER HEREBY CONCLUDES that the evidentiary hearing related to the appointment of a receiver scheduled for January 6, 2025 at 1:00 p.m. is now moot.

## ORDER

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff's Emergency Motion to Appoint Temporary Receiver or in the Alternative to Enter a Preservation Order is hereby **GRANTED** in its entirety.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that John Heller shall be appointed receiver over both York Holding Ltd. and York United, Inc. pursuant to NRS 32.010 and NRS 32.260 as of December 19, 2024. This Court has exclusive jurisdiction to direct the receiver and determine any controversy related to the receivership or receivership property pursuant to NRS 32.255.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that as receiver, Mr. Heller shall have exclusive authority and power to conduct the business and management of both York Holding and York United, their assets and their subsidiaries, and shall have the power to do all acts and things necessary for the purpose of complying with this Order and carrying out his function as receiver. Mr. Heller shall assume the exclusive management of York Holding and York United and their assets and shall, so far as the law permits, perform the duties and may perform any of the functions and exercise any of the powers of the board of directors of York Holding and/or York United pursuant to NRS 32.295.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that in addition to and independent of his appointment as Receiver, pursuant to the Court's equitable powers and inherent authority, the Court further appoints John Heller as the sole and exclusive officer, director and managing member of both York Holding and York United.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that the Receiver

shall have the following general powers and duties:

    A.    To use reasonable efforts to determine the nature, location and value of all property interests of York Holding and York United, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which either York Holding or York United own, possess, have a beneficial interest in, or control directly or indirectly (collectively, "Receivership Property");

    B.    To take custody, control and possession of all Receivership Property and records relevant thereto from York Holding or York United and to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto;

    C. To manage, control, operate and maintain the Receivership Estate and hold in his possession, custody and control all Receivership Property;

    D. To use Receivership Property for the benefit of the Receivership Estate, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

    E. To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of York Holding or York United including but not limited to borrowing funds or issuing capital calls;

    F. To engage and employ persons in his discretion, to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

    G. To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

    H. To issue subpoenas for documents and testimony consistent with Nevada or other applicable law, without further Court order;

    I. To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

J. To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estate; and,

K. To take such other action as may be approved by this Court.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that the Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of York Holding and York United under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by applicable law.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that York Holding and York United as well as their officers, directors, agents, managers, attorneys and law firms, and accountants, as well as the past and/or present officers, directors, agents, managers of York Holding and York United are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to York Holding and York United and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that the York Holding and York United's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of York Holding and York United, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to York Holding and York United.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that the Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to York Holding and York United. All persons and entities having control, custody or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

7

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that all banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, of York Holding or York United that receive actual notice of this Order by personal service, email, facsimile transmission or otherwise shall:

   A. Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of York Holding and York United except upon instructions from the Receiver;

   B. Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

   C. Within seven (7) business days of receipt of that notice, provide the Receiver a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

   D. Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

   A. Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

   B. Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

   C. Dissipate or otherwise diminish the value of any Receivership Property; such prohibited

actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or York Holding or York United, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by York Holding or York United or which otherwise affects any Receivership Property; or,

D. Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estate.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that Mr. Heller shall have the exclusive authority and power to manage the retention of legal counsel for York Holding and/or York United in relation to any past, present or future claims and/or litigation, both foreign and domestic, that involve York Holding and/or York United or their subsidiary entities.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants York Holding and York United shall make payment to the receiver for his fees and costs pursuant to his appointment as receiver.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that the Receiver as an Officer of the Court shall be provided with judicial immunity to the fullest extent that the statutory and case law allow for performance of all of his duties. No person or entity shall file a lawsuit or other legal action against the Receiver without first obtaining leave from this Court.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that pursuant to NRS 32.305, the Court's appointment of a receiver operates as a stay as of December 19, 2024, applicable to all persons and a temporary restraining order ("TRO") shall issue against York Holding, York United and Rayford upon the entry of this Order and proof of Plaintiff's payment for cost bond in the amount of One Hundred Dollars ($100.00). York Holding and York United shall be restrained from any payment, transfer or disposition of assets as the same is subject to the authority of Mr. Heller. Rayford is further required to preserve the approximately $2,100,000.00 in the Rayford Account until further notice.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that the January

1  6, 2025, 1:00 p.m. evidentiary hearing shall be converted to an evidentiary hearing regarding: an
2  extended protection order on the temporary restraining order issued today; possible sanctions of York
3  Holding, York United and Rayford. The Court will issue the Order to Show Cause as to why sanctions
4  should not be issued as to York Holding, York United and Rayford.

5       **IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that, given the
6  change in the nature of the January 6, 2025 hearing, the deadline for parties to file witness and exhibit
7  lists and any additional briefing for that hearing is December 31, 2024.

8       **IT IS SO ORDERED.**

Dated this 31st day of December, 2024

*[Signature: Joe Hardy]*

645 B39 AF36 0043
Joe Hardy
District Court Judge

10  Respectfully submitted by:

11  **NEVADA WALKER, PLLC**

12  By: */s/ Kirk Walker*
13  KIRK NEVADA WALKER, ESQ.
    Nevada Bar No. 11315
14  400 South 4th Street, Suite 500
    Las Vegas, NV 89101
15  Attorneys for Plaintiff/Counter-Defendant
    WILLIAM A. BATCHELOR, JR.
16

17  Approved as to form and content:

| WILEY PETERSEN | MCDONALD CARANO LLP |
|---|---|
| By: Will submit competing order | By: No response |
| Jonathan D. Blum, Esq. #9515 | Leigh T. Goddard, Esq. #6315 |
| 10000 W. Charleston Blvd., Suite 230 | Daniel I. Aquino, Esq. #12682 |
| Las Vegas, NV 89135 | 100 W. Liberty Street, Tenth Floor |
|  | Reno, NV 89501 |
| MORTENSON TAGGART ADAMS LLP | Attorneys for Defendant |
| Kevin A. Adams, Esq. (*Pro Hac Vice*) | GREENLAKE REAL ESTATE FUND LLC |
| 300 Spectrum Center Dr., Suite 1200 |  |
| Irvine, CA 92618 |  |
| Attorneys for Defendants |  |
| YORK HOLDING LTD and YORK UNITED INC. |  |

| | |
|---|---|
| JOHNSON & GUBLER, P.C.<br><br>By:*/s/ Matthew Johnson*<br>Matthew L. Johnson, Esq. #6004<br>8831 W. Sahara Avenue<br>Las Vegas, NV 89117<br><br>HUSCH BLACKWELL LLP<br>Michael D. Fielding, Esq. *(Pro Hac Vice)*<br>4801 Main Street, Suite 1000<br>Kansas City, MO 64112<br>Attorneys for Defendant/Counterclaimant<br>RAYFORD INTERNATIONAL, INC. | KAEMPFER CROWELL<br><br>By: No response<br>Robert McCoy, Esq. #9121<br>Raleigh C. Thompson, Esq. #11296<br>1980 Festival Plaza Drive, Suite 650<br>Las Vegas, NV 89135<br>Attorneys for Defendant<br>FREDRICK WAID |
| LITTLER MENDELSON, P.C.<br><br>By: No response<br>Emil S. Kim, Esq. #14894<br>3960 Howard Hughes Pkwy., Suite 300<br>Las Vegas, NV 89169<br><br>SHER TREMONTE LLP<br>Erica A. Wolff, Esq. *(Pro Hac Vice)*<br>Robert C. Penn, Jr, Esq. *(Pro Hac Vice)*<br>90 Broad Street<br>New York, NY 10004<br>Attorneys for unserved Defendant<br>CHANGQING LIU | |